**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51190/51191**

|  |  |
|---|---|
| STATE OF IDAHO, | ) |
| | )   **Filed: November 20, 2024** |
|     **Plaintiff-Respondent,** | ) |
| | )   **Melanie Gagnepain, Clerk** |
| v. | ) |
| | )   **THIS IS AN UNPUBLISHED** |
| CORY EUGENE BABB, | )   **OPINION AND SHALL NOT** |
| | )   **BE CITED AS AUTHORITY** |
|     **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Orders relinquishing jurisdiction and orders denying Idaho Criminal Rule 35 motion in Docket No. 51190 and Docket No. 51191, and judgment of conviction and sentence in Docket No. 51191, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

This appeal involves two cases. In Docket No. 51190, Cory Eugene Babb pled guilty to attempted grand theft, Idaho Code §§ 18-2403, -2407(a)(b)(1)(6), -306, and the district court imposed a unified sentence of six years, with a minimum period of incarceration of three years, suspended the sentence and placed Babb on a term of probation. Babb admitted to violating the terms of the probation, which included admitting to a new charge in Docket No. 51191. In Docket No. 51191, Babb pled guilty to aggravated assault, I.C. §§ 18-901, -905, and the district court imposed a unified sentence of five years, with a minimum period of incarceration of four years.

1

The sentence was ordered to run consecutive to his sentence in Docket No. 51190. In Docket No. 51190, the district court revoked probation and ordered execution of the underlying sentence. The district court retained jurisdiction in both cases. Ultimately, the district court relinquished jurisdiction. Babb filed an Idaho Criminal Rule 35 motion in each case. Following a hearing, the district court entered orders denying Babb's Rule 35 motions. Babb appeals, and argues that in Docket No. 51191 his sentence is excessive and constitutes an abuse of discretion. In both cases, Babb claims the district court erred by relinquishing jurisdiction and denying his Rule 35 motions.

In Docket No. 51191, Babb contends that his sentence is excessive. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in Docket No. 51191, we cannot say that the district court abused its discretion.

Next, Babb asserts the district court abused its discretion by relinquishing jurisdiction in each case. We note that the decision to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Babb has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Last, we review whether the district court erred in denying Babb's Rule 35 motion in each case. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional

information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Babb's Rule 35 motions, we conclude no abuse of discretion has been shown.

Therefore, Babb's judgment of conviction and sentence in Docket No. 51191, and the district court's orders relinquishing jurisdiction and denying Babb's Rule 35 motions in each case, are affirmed.